UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| KENNETH RAY JOHNSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV410-031 |
| LARRY CHISOLM, District Attorney of the Eastern Judicial District Circuit individually and in his official capacity, | ) ) ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The Court **VACATES** its previous Report and Recommendation (doc. 6) and substitutes this in its place. Kenneth Ray Johnson has filed a 42 U.S.C. § 1983 complaint against the district attorney whose office is prosecuting him in state court. Doc. 1. He seeks to enjoin that prosecution as unconstitutional, and he moves the Court for leave to proceed in forma pauperis (IFP). Doc. 2; *see also* doc. 4 (completed inmate-account-collection form).

The Court **GRANTS** plaintiff leave to proceed in forma pauperis,

doc. 2, as he is indigent. However, the Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915(e)(2)(B). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

Johnson complains that he was arrested for misdemeanor offenses, including, inter alia, "possession of false identification" and "driving under influence," and he was then scheduled for but later denied a preliminary hearing. Doc. 1 at 1. "Based on prosecutorial vindictiveness (coupled with ineffective assistance of counsel) plaintiff was denied access to the court [presumably, the preliminary hearing] nor was given [an] opportunity to face his accuser or give testimony in his defense; yet, his/the case was bounded up to superior court without the benefit of a preliminary hearing with the accusation of . . . 'Poss. of False Identification document'; as a felony under violation of 'O.C.G.A. § 16-9-4(b). . . .'" Doc. 1 at 2-3. Further elaborating, Johnson avers that he was "held without bond based on the fact [that] the charges [against him]

w[ere] misrepresented in court as a 'felony. . . . forced to stay in jail (no bond) for" more than seven months under "vindictive tactics" by the prosecutor's office. *Id.* In the process he lost his truck and work tools. *Id.* Ultimately, he says, he retained counsel and "got the charges changed to misdemeanors and *resolved* the case 'Sept 16, 2009.'" *Id.* (emphasis added).

In any event, Johnson's claim, boiled down, is that the prosecutor vindictively overcharged him,[1] so he was "wrongly held," suffering some property losses in the process. Alleging that the prosecutor violated his First and Fourteenth Amendment rights by "in bad faith and for purposes of harassment pressing charges as a felony which are misdemeanors," *id.* at 4 (hence, overcharging him), Johnson requests a prompt hearing, and "a temporary restraining order restraining the defendant . . . from prosecuting [him] on the accusations *now* pending against him[,]" *id.* at 5 (emphasis added). *Id.* He also seeks a permanent injunction, declaratory relief, costs and 42 U.S.C. § 1988 attorney fees.

---

[1] The D.A.'s "sole reason for pursuing these charges is to punish plaintiff and detain him under felony charges and to prevent him [from] obtaining his own representation. Plus, because his office indict on [sic] (criminal history) not (facts of crimes)." Doc. 1 at 4.

3

*Id.* Other than a generic prayer that the Court "[g]rant any further, different, or alternative relief to which the plaintiffs [sic] may be entitled," *id.*, Johnson requests no other relief (i.e., no compensatory damages); *but see id.* at 1 ("The amount in controversy exceeds $10,000, exclusive of interests and costs.").

Johnson fails to state a claim. He is simply upset that a prosecutor, in his opinion, overcharged him with a felony for what Johnson feels should only have been misdemeanor charges. He in effect wants the prosecutor to "pay for that" by forfeiting the ability to prosecute him on *any* charges now (hence, the order he seeks here, barring further prosecution). But plaintiff is complaining about *past* events, for which only money damages, not injunctive (hence, prospective) relief, are available. Nor, for that matter, would this Court be authorized to address in a civil rights action, via monetary damages, a routine "overcharge" claim.

Even were Johnson's complaint read to be seeking money damages, it would still fail because the prosecutor and the State of Georgia[2] are

---

[2] Plaintiff sues the state by raising "official capacity" claims against the prosecutor.

immune. A prosecutor sued in his official capacity is protected by the Eleventh Amendment.[3] *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985). And, a prosecutor sued in his individual capacity for presenting (as an advocate for the state) a criminal prosecution is absolutely immune. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Rehberg v. Paulk*, 598 F.3d 1268, 1276-77 (11th Cir. 2010) (absolute immunity for a prosecutor from § 1983 liability does not depend entirely on his job title, but involves a functional approach based on his conduct; thus, he enjoys absolute immunity for initiating and presenting a case, but not for functioning in a capacity unrelated to his role as advocate for the state, such as in investigating a case or personally attesting to probable cause for an arrest warrant); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor is absolutely immune from suit for malicious prosecution.").

---

[3] "[S]uits against an official in his or her official capacity are suits against the entity the individual represents." *Parker v. Williams*, 862 F.2d 1471, 1476 n. 4 (11th Cir. 1989). The question, for purposes of § 1983 liability, of whether an official acts on behalf of the state or county is a question of state law. The Eleventh Circuit has examined this issue and determined that "the district attorney's authority over prosecutorial decisions . . . is vested by state law pursuant to state authority." *Owens v. Fulton County*, 877 F.2d 947, 952 (11th Cir. 1989).

Finally, Johnson cannot salvage his case by *implying* that he *may* be presently suing, or in future will sue, others. *See* doc. 8 at 3 (his Fed. R. Civ. P. 72(b)(2) Objections to the now-vacated R&R emphasizing that since he used "*et al.*" in the caption of this case, "his complaint is not solely against District Attorney Larry Chis[h]olm," but he then never identifies any other defendant). Litigation, however, simply does not work that way.[4] Johnson cannot simply "reserve the right to sue" unknown others then use that *possibility* to jam up a lawsuit's disposition.

For all of these reasons, Johnson's complaint should be **DISMISSED WITH PREJUDICE.**

---

[4] "Generally, courts will allow claims based upon John Doe defendants to go forward at the initial stages of an action, often surviving initial screening by the Court pursuant to 28 U.S.C. § 1915 or a motion to dismiss, because they may be found and named later through the discovery process. *See K.J. ex rel. Lowry v. Division of Youth and Family Services*, 363 F.Supp.2d 728, 740 (D.N.J.2005) (*citing Alston v. Parker*, 363 F.3d 229, 233 n. 6 (3d Cir.2004), *and also, Hindes v. FDIC*, 137 F.3d 148, 155 (3d Cir.1998))." *Cole v. RHU Officers John Doe*, 2005 WL 2648342 at * 3 (M.D. Pa. Oct. 17, 2005). But here Johnson does not even to plead the existence of a John Doe defendant, which otherwise requires a good-faith belief grounded in fact that another, temporarily unknown individual has visited an actionable wrong upon the plaintiff. *See Local Acceptance Co. of Florida v. Doe*, 962 F.Supp. 1495, 1496-97 (S.D. Fla. 1997).

**SO REPORTED AND RECOMMENDED** this  15th   day  of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA